IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>TANISHA AKIRA BELL ) | CR. NO.  02:06cr119-WHA |

**PLEA AGREEMENT**

DEFENSE COUNSEL:            CHRISTINE A. FREEMAN

ASSISTANT U.S. ATTORNEY:    TOMMIE BROWN HARDWICK

**COUNT AND STATUTE CHARGED**:
Count 1    18 U.S.C. § 472, Uttering Counterfeit U.S. Currency

**COUNT PLEADING PURSUANT TO PLEA AGREEMENT**:
Count 1    18 U.S.C. § 472, Uttering Counterfeit U.S. Currency

**PENALTIES BY COUNT - MAXIMUM PENALTY**:
Count 1    18 U.S.C. § 472, Uttering Counterfeit U.S. Currency
           NMT $250,000;20Y;
           NMT $20Y, B;
           NMT 5Y SUP REL;
           $100 AF;
           VWPA

**ELEMENTS OF THE OFFENSE**:
Count 1    18 U.S.C. § 472, Uttering Counterfeit U.S. Currency
   1.   That the defendant possessed counterfeit Federal Reserve Notes, as charged, and;
   2.   That the defendant knew at the time that the notes were counterfeit, and
   3.   That the defendant possessed the notes willfully and with intent to defraud.

****************************************************************

Tommie Brown Hardwick, Assistant United States Attorney, and Kevin L. Butler, attorney for the defendant, pursuant to the provisions of Rule 11(c)(1)(C), *Federal Rules of Criminal Procedure*, as Amended, have, with the authorization of the undersigned , heretofore entered into discussions

with a view toward reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties in the following respects:

## GOVERNMENT'S PROVISIONS

1. Upon entering a plea of guilty by the defendant to the offense charged in Count 1 of the Indictment, the attorney for the Government will do the following:

    a. The government agrees to recommend a sentence of probation provided the defendant's criminal history category does not exceed criminal history category II.

    b. The government agrees that the defendant should receive a two level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). In addition, the government will file a motion for a one level reduction under U.S.S.G. § 3E1.1(b). However, the defendant will not receive any acceptance of responsibility adjustment, if the defendant commits another federal, state or local offense after the dates of the present offense; violates any of the conditions outlined in the Commentary to §3E1.1, or in any way violates her term of release or supervision, if applicable.

2. The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant conduct concerning the offense and the defendant's background.

## DEFENDANT'S PROVISIONS

3. The defendant agrees to the following:

    a. To plead guilty to Count 1 of the Indictment.

    b. If the court rejects the terms of the plea agreement, pursuant to Rule 11(c)(1)(C) the defendant will have the right to withdraw the guilty plea.

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding. Except, the defendant does not waive the right to appeal or post-conviction relief with respect to ineffective assistance of counsel and prosecutorial misconduct.

Further, the parties agree that nothing in this agreement shall affect the United States' right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals on any basis defendant's sentence pursuant to 18 U.S.C. § 3742(b), defendant is released from this waiver.

## FACTUAL BASIS

4. The defendant understands the nature of the charge to which the plea is offered involves proof as to the following: During May and June of 2005, Tanisha Akira Bell worked as an assistant manager at the Dollar General Store located at 230 Tuskeena Road, Hayneville, Alabama. In her capacity as assistant manager, Defendant Bell had access to the safe and the store deposits. On June 2, 2005, Defendant Bell removed $3440.00 in United States Currency from the safe deposit and passed counterfeit bills in place of the United States Currency. Defendant Bell passed the counterfeit bills with the intent to defraud the Dollar General Store. The Dollar General Store is located within the Middle District of Alabama. All in violation of Title 18, United States Code, Section 472.

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

5. The defendant agrees to enter a guilty plea to Count 1 of the Indictment.

6. The defendant, before entering a plea of guilty to Count 1 of the Indictment, as provided for herein by said Plea Agreement, advises the Court that:

a. The discussions between the attorney for the Government and the attorney for the defendant toward reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

b. The defendant further understands that pursuant to Title 18, United States Code, Section 3013, said $100 assessment is to be paid by the defendant on the date of sentencing and that if a fine is imposed by the Court at sentencing, the defendant shall meet with a member of the Financial Litigation Section of the United States Attorney's Office on the day of sentencing and complete a written personal financial statement setting forth the defendant's assets and liabilities as of the date of the offense. The defendant will make an honest, good faith effort to pay the said fine as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's ability, knowledge, and belief.

c. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

d. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by

the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

 e. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

 f. The defendant further understands and advises the Court that the plea agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the Government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge and consent.

 g. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

 h. The defendant further advises the Court that the defendant understands that after the entry of the guilty plea, the defendant may withdraw the plea if the Court rejects the plea agreement, pursuant to Rule 11(c)(1)(C). However, if the defendant withdraws the guilty plea, the government will prosecute the defendant on all charges alleged in the Indictment.

 i. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant.

However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

   j. The Defendant is satisfied that defense counsel has been competent and effective in representing the defendant.

  7. The undersigned attorneys for the Government and for the defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11(c)(1)(C), *Federal Rules of Criminal Procedure*, as amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

8. The defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court. Although the Court must consider the Guidelines as contained in the presentence report, the Guidelines are no longer mandatory and binding on the sentencing court but are now advisory. Notwithstanding, the Probation Officer will consider defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. Considering the advisory nature of the Guidelines, the offense level or criminal history category, as calculated by the Probation Officer, may differ from that projected by defendant's counsel or the U.S. Attorney. In the event that the Court, relying on the Guidelines as advisory, decides to sentence the defendant within the statutory minimum and maximum, after considering 18 U.S.C. § 3553(a) and the Guidelines, and higher than the defendant anticipated, the defendant will have the right to withdraw the plea.

This 18th day of December, 2006.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Louis V. Franklin, Sr.
Louis V. Franklin, Sr.
Criminal Chief
Post Office Box 197
Montgomery, Alabama 36101
(334)223-7280

/s/ Tommie Brown Hardwick
Tommie Brown Hardwick, ASB4152 W86T
Assistant United States Attorney

I HAVE READ THE FOREGOING PLEA AGREEMENT, UNDERSTAND THE SAME, AND THE MATTER AND FACTS SET FORTH THEREIN ACCURATELY AND CORRECTLY STATE THE REPRESENTATIONS THAT HAVE BEEN MADE TO ME AND ACCURATELY SET FORTH THE CONDITIONS OF THE PLEA AGREEMENT THAT HAS BEEN REACHED.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, CHRISTINE A. FREEMAN

TANISHA AKIRA BELL
Defendant

12-18-06
Date

CHRISTINE A. FREEMAN
Attorney for the Defendant

12/18/06
Date

Patricia Kemp
Attorney For Defendant

12/18/06
Date